UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-21018-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

LAPATRICK DEON MCINTOSH,

    Defendant.
_____/

## AMENDED ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)

**THIS CAUSE** is before the Court on Defendant LaPatrick Deon McIntosh's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), in Light of Amendment 706 of the U.S.S.G. Made Retroactive Per § 1B1.10(c) [DE 358]. The Court has considered the Motion, the Government's Response [DE 360], Mr. McIntosh's Reply [DE 362], the record in this case, and is otherwise advised in the premises.[1]

Because Mr. McIntosh was sentenced as a career offender, amendment 706 to the United States Sentencing Guidelines does not apply to him. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008) held:

> The plain language of § 3582(c)(2) favors the government's interpretation. By its terms, the statute applies to a defendant whose sentence was "based on" a subsequently-lowered "sentencing range." Here, the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1. The defendants' base offense levels under § 2D1.1 played no role in the calculation of these ranges.

Id. at 1327. Further, the court in Moore, held:

> Application Note 1(A) provides that a reduction under § 3582(c)(2) is not

---

[1] Mr. McIntosh's Reply was due March 14, 2011. On March 15, 2011, when no Reply was filed, the Court entered its Order Denying Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) [DE 361]. Thereafter, on March 21, 2011, Mr. McIntosh's Reply was filed on CM/ECF. The Reply is timely, because it is dated March 14, 2011. See DE 362 at 5. Therefore, the Court enters this Amended Order after reviewing the arguments in Mr. McIntosh's Reply.

authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . Here, Amendment 706 . . . does not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline.

Id. at 1327-28.

Mr. McIntosh's guidelines range is not reduced because this Court sentenced him as a career offender pursuant to § 4B1.1. Therefore, he is not entitled to a sentence reduction based on the application of Amendment 706.

Additionally, the Defendant is precluded from rearguing the 18 U.S.C. § 3553(a) factors as 18 U.S.C. § 3582 would only permit argument relating to the application of Amendment 706.

Finally, the Defendant is not entitled to appointed counsel, nor is he entitled to an evidentiary hearing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant LaPatrick Deon McIntosh's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), in Light of Amendment 706 of the U.S.S.G. Made Retroactive Per § 1B1.10(c) [DE 358] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of March, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Lapatrick Deon McIntosh, *pro se*
Reg. No. 65840-004
FCC Coleman Complex (Medium)
Inmate Mail/Parcels
P.O. BOX 1032
Coleman, FL 33521

2